UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Steven Charles McDonnell
and Amy Joy McDonnell,

Bankruptcy No. 00-40618

      Debtors.

Eugene Paulson,

Civil No. 07-2414 (PAM)

      Appellant,

v.

**MEMORANDUM AND ORDER**

Cenbank,

      Appellee.

---

This matter is before the Court on appeal from an order of the United States Bankruptcy Court[1] and on Defendant Cenbank's Motion to Dismiss the appeal. For the following reasons, the Court grants the Motion and dismisses the appeal.

**BACKGROUND**

In November 2006, Steven Charles McDonnell and Amy Joy McDonnell petitioned for Chapter 12 bankruptcy. Appellant Eugene Paulson and Appellee Cenbank were purported creditors in the bankruptcy proceeding. On March 30, 2007, the Bankruptcy Court denied confirmation of the Chapter 12 plan and dismissed the bankruptcy action. Paulson appealed the order on April 16, 2007 and consented to have his appeal heard by this Court.

---

[1] The Honorable Dennis D. O'Brien of the United States Bankruptcy Court for the District of Minnesota.

Cenbank now moves for dismissal, arguing that the Court lacks subject matter jurisdiction over the untimely appeal.

**DISCUSSION**

This Court has jurisdiction over final orders entered by the Bankruptcy Court.[2]  28 U.S.C. § 158(a)(1).  An appeal under § 158(a)(1) must be made "in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules."  In re Delta Eng'g Int'l, Inc., 270 F.3d 584, 586 (8th Cir. 2001) (quoting 28 U.S.C. § 158(c)(2)).  Rule 8002 requires that the notice of appeal be filed with the clerk within ten days of the entry of the order. Fed. R. Bank. P. 8002(a).  "Failure to file a timely notice of appeal from a bankruptcy court's order deprives the district court of jurisdiction to review that order."  Veltman v. Whetzal, 93 F.3d 517, 520-21 (8th Cir. 1996) (citation omitted).

The order dismissing the bankruptcy action was entered on March 30, 2007.  Thus, the time to appeal the order expired on April 9, 2007.  Fed. R. Bank. P. 9006(a) (establishing the method to calculate the ten-day period).  Paulson did not file his appeal until April 16, 2007.  Therefore, the Court must dismiss the untimely appeal.

---

[2] The parties do not dispute the finality or appealability of the Bankruptcy Court's order.

**CONCLUSION**

Paulson's failure to file his appeal within ten days of the Bankruptcy Court's order deprives this Court of subject matter jurisdiction to review the order. Accordingly, **IT IS HEREBY ORDERED** that:

1. Cenbank's Motion to Dismiss (Docket No. 3) is **GRANTED**; and

2. The appeal is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: July 18, 2007

                                                s/ Paul A. Magnuson
                                                Paul A. Magnuson
                                                United States District Court Judge